# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>DYLAN OSTRUM<br><br><br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)         1:21-mj-0102<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 3, 2021__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) | Possession with Intent to Distribute 500 Grams or More of Methamphetamine |
| 18 USC 922(g)(1) | Previously Convicted Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

/s/ Todd Bevington
*Complainant's signature*

Todd Bevington, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__ *(reliable electronic means)*

Date: 2/4/2021

City and state: Indianapolis, Indiana

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

1. I, Todd J. Bevington, am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since December of 2013. Prior to ATF, I was a police officer and detective with the Richmond, Virginia, Police Department for over thirteen years. I graduated from the Federal Law Enforcement Training Center and am currently assigned to the ATF-Indianapolis Field Office. I have participated in numerous state and federal firearms and narcotics investigations.

2. This affidavit is submitted in support of a criminal complaint charging Dylan OSTRUM (date of birth XX/XX/1995) with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), and with possession of a firearm and/or ammunition by a prohibited person, in violation of Title 18, United States Code, Section 922(g)(1). The information contained in the below numbered paragraphs is either personally known to your Affiant or told to your Affiant by other law enforcement officers.

### Facts Supporting Probable Cause

3. On February 3, 2021, investigators executed a search warrant at a resident on West Caven Street in Indianapolis, Indiana. OSTRUM was the target of the search warrant, and was on Home Detention at this West Caven residence as a result of his recent felony conviction for Possession of Methamphetamine in Madison

County, Indiana (Cause Number 48C01-2002-F6-000337). Investigators detained OSTRUM upon serving the search warrant.

4. OSTRUM was advised of his *Miranda* warnings and voluntarily agreed to speak with investigators. OSTRUM admitted to his involvement in drug trafficking in Indianapolis but stated the only contraband in the residence was a small amount of marijuana. OSTRUM told investigators he had removed a firearm and other contraband from his residence after the arrest of one of his drug trafficking associates the previous week.

5. While talking to OSTRUM, investigators observed a key ring on OSTRUM's dresser, which contained keys to a Chrysler vehicle and keys for safes. On multiple occasions in the course of the investigation into OSTRUM's suspected drug trafficking activity, investigators had previously observed a light blue Chrysler 300 sedan parked at OSTRUM's residence. On these surveillance events, the officers noted that the license plate on the Chrysler 300 sedan was registered to OSTRUM at his residence, but the plate was actually registered to OSTRUM's Cadillac, not the Chrysler on which the plate was affixed. When investigators executed the search warrant on February 3, 2021, they asked OSTRUM where the Chrysler was located (since it was not at OSTRUM's house), and he stated it was at his father's house in Pendleton. OSTRUM stated that everyone thought the Chrysler was his but stated he was only renting the vehicle. OSTRUM stated that one safe key from the key ring belonged to a safe he had just obtained, and stated that the safe was empty. OSTRUM told investigators that the other safe key belonged to a safe that he used to protect

his important documents. OSTRUM refused to tell investigators the location of either safe, and no safes were found in his home during the execution of the search warrant.

6. Investigators did not believe that OSTRUM was being truthful about the location of the Chrysler, and they began checking addresses for OSTRUM's known associates. Ultimately on February 3, 2021, investigators located the Chrysler 300 sedan backed into the driveway at a residence on South Lockburn Street in Indianapolis, Indiana. Investigators made contact with the residents of the Lockburn Street residence, who stated that OSTRUM had parked the vehicle in the driveway the previous day. The owner/resident of the Lockburn Street residence signed a consent form to allow an Indianapolis Metropolitan Police Department (IMPD) K-9 officer and his certified narcotics K-9 to run an "open-air" sniff on his property; when this occurred, the K-9 did not alert to the odor of narcotics inside the Chrysler.

7. As stated above, investigators were aware the license plate on the Chrysler belonged to a Cadillac registered to OSTRUM, not to the Chrysler. Investigators queried the Vehicle Identification Number (VIN) through the Indiana Bureau of Motor Vehicles (BMV) and learned that the Chrysler was reported stolen by a rental car agency in October 2020 after the vehicle was not returned by the renter. Investigators conducted an inventory search of the vehicle in preparation to tow this stolen vehicle, which was conducted pursuant to the IMPD inventory search policy.

8. While searching the vehicle, investigators located a safe in the trunk. Investigators utilized the key from OSTRUM's keychain to unlock the safe. Inside the safe, investigators located a loaded Glock, 9mm pistol, approximately six hundred

(600) grams of suspected methamphetamine,[1] what appears to me, based on my narcotics training and experience, to be a drug ledger, and two vehicle titles for vehicles owned by OSTRUM. Investigators located a second safe in the backseat of the vehicle. Investigators utilized the key from OSTRUM's keychain to unlock the safe. Inside the safe, investigators located an extended Glock magazine loaded with 9mm ammunition, approximately two pounds of marijuana and a digital scale. No other items of value were located during the inventory search of the vehicle.

9. A computerized criminal history check (CCH) of OSTRUM showed OSTRUM had sustained numerous felony convictions in Indiana, to include: possession of a controlled substance under cause number 32D02-1702-F3-000010.

10. An interstate nexus expert with ATF reviewed the firearm's characteristics and determined that the firearm was not manufactured in the state of Indiana. By virtue of its presence in the State of Indiana, therefore, the firearm had to have been transported or shipped in interstate or foreign commerce

### Conclusion

11. Based on the facts set forth in this affidavit, your Affiant submits that probable cause exists that on February 3, 2021, in the Southern District of Indiana, Dylan OSTRUM, having been convicted of numerous crimes punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, said

---

[1] The suspected methamphetamine was "field" tested and tested positive for the presence of methamphetamine. The recovered drug exhibit was submitted to the Drug Enforcement Administration (DEA) Laboratory for official analysis and purity testing.

firearm having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1). I further submit that OSTRUM possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). I respectfully request this Court issue a Criminal Complaint charging OSTRUM accordingly, along with a warrant for his arrest.

/s/ Todd Bevington
Todd Bevington, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by telephone.

Date: 2/4/2021

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana